UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICARDO VELASQUEZ,<br><br>       Plaintiff,<br>-against-<br><br>E 3 CLEANERS, INC., a New York corporation, d/b/a E 3 CLEANERS, and TJ MONTANA ENTERPRISES L.L.C., a Delaware limited liability company,<br><br>       Defendants. | Civil Case No.: 1:22-cv-8404<br><br>**ANSWER** |

  Defendant, TJ MONTANA ENTERPRISES L.L.C., by its attorneys, KEVIN KERVENG TUNG, P.C., answers the plaintiff's Complaint upon information and belief as follows:

## JURISDICTION AND PARTIES

  1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 1 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

  2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 2 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

  3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 3 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

  4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 4 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 5 of the complaint except admits that TJ MONTANA ENTERPRISES L.L.C., is the owner and lessor of the subject real property located at 82 East 3rd Street, New York, New York.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 6 of the complaint.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 7 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 8 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 9 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 10 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph designated 11 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

12. Denies each and every allegation contained in the paragraph designated 12 of the complaint.

13. Denies each and every allegation contained in the paragraph designated 13 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

14. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 14 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

15. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 15 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

16. Denies each and every allegation contained in the paragraph designated 16 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

17. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 17 of the complaint

18. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 18 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

19. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 19 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

20. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 20 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

**COUNT II- VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW**

21. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 21 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

22. Denies each and every allegation contained in the paragraphs designated 22 of the complaint.

23. Denies each and every allegation contained in the paragraph designated 23 of the complaint, and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

**COUNT III- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW**

24. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 24 of the complaint and respectfully refers the Court to the underlying statutes for a precise and accurate interpretation.

25. Denies knowledge and information sufficient to form a belief as the truth of the allegations contained in the paragraph 25 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

26. Denies each and every allegation contained in the paragraph designated 26 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

27. Denies each and every allegation contained in the paragraph designated 27 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

28. Denies each and every allegation contained in the paragraph designated 28 of the complaint as otherwise pleaded herein.

## COUNT IV- VIOLATION OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK

29. Denies each and every allegation contained in the paragraph designated 29 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

30. Denies each and every allegation contained in the paragraph designated 30 of the complaint, and respectfully refers the Court to said statute for a precise and accurate interpretation.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated 31 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated 32 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

33. Denies each and every allegation contained in the paragraph designated 33 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

34. Denies each and every allegation contained in the paragraphs designated 34 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

35. Denies each and every allegation contained in the paragraphs designated 35 of the complaint.

36. Denies each and every allegation contained in the paragraphs designated 36 of the complaint, and respectfully refers the Court to said statute for a precise and accurate interpretation.

37. Denies each and every allegation contained in the paragraph designated 37 of the complaint as otherwise pleaded herein.

## ATTORNEYS' FEES AND COSTS

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraphs designated 38 of the complaint and respectfully refers the Court to said statute for a precise and accurate interpretation.

39. Denies each and every allegation contained in the paragraphs designated 39 of the complaint, and respectfully refers the Court to said statute for a precise and accurate interpretation.

## DAMAGES

40. Denies each and every allegation contained in the paragraphs designated 40 of the complaint, and respectfully refers the Court to said statute for a precise and accurate interpretation.

## INJUNCTIVE RELIEF

41. Denies each and every allegation contained in the paragraphs designated 41 of the verified complaint, and respectfully refers the Court to said statute for a precise and accurate interpretation.

## FIRST AFFIRMATIVE DEFENSE

42. Plaintiff lacks standing under Article III of the US Constitution to bring this action because there is no case or controversy now or in the future.

## SECOND AFFIRMATIVEDEFENSE

43. Plaintiff's claims are barred, in whole or in party, by the doctrine of mootness.

## THIRD AFFIRMATIVE DEFENSE

44. This Court lacks personal jurisdiction over Defendant TJ Montana Enterprises, LLC ("TJ") because the Summons and Complaint were not properly served upon Defendant TJ pursuant to Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

45. This Court lacks supplemental matter jurisdiction over Plaintiff's state claim because Plaintiff's state law claim raises novel or complex issues of state law, which should be reserved to be resolved by the state. Moreover, Plaintiff's state law claims substantially predominate over her Federal law claims because the burden of proof and standards of liability under the ADA and under NYSHRL are almost the same while the damages available under the state laws substantially predominate over the injunctive relief available under the ADA.

### FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff failed to assert a valid claim upon which relief may be granted against Defendant TJ.

### SIXTH AFFIRMATIVE DEFENSE

47. The monetary relief sought by Plaintiff in the Complaint via a Federal action is barred pursuant to ADA and Federal case laws.

### SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff's alleged damages were caused by himself or other third parties for whom Defendant was not responsible.

### EIGHTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims for injunctive relief are barred as a result of then-existing an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with ADA, which is expressly denied, then the remedial work would be technically not feasible, not readily achievable, and/or cause Defendant undue hardship,

### TENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred because if the facilities identified in the Complaint are not in compliance with ADA, which is expressly denied, no remedial work could be conducted without fundamentally altering the nature of the services and facilities being provided.

### ELEVENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, precluded, or limited by the doctrine of unclean hands because Plaintiff has refused reasonable and appropriate measures which have permitted Plaintiff the same access as that provided to the general public.

### TWELFTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide licensee of the subject premises at issue and, if he visited the subject premises, he visited solely for the purposes of initiating the instant litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims are, in whole or in part, barred when Plaintiff failed to comply with the pre-litigation requirements pursuant to applicable laws.

### FOURTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, precluded, or limited by the doctrine of laches because Plaintiff has unreasonably delayed his bringing of this action without good cause.

### FIFTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred because Plaintiff failed to provide advanced notices requesting any adaptations, modifications, alternative services or other changes to the facilities prior to initiating this lawsuit, thus depriving Defendant the right to cure as a matter of due process.

### SIXTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred because there is alternative ADA compliant available to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by the statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred to the extent that federal, state, or local laws, including but not limited to zoning and landmark ordinances, prohibit the physical modifications sought.

### NINETEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred to the extent that Defendant relied on the directions and directives of state and/or local permitting authorities regarding the facilities identified in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

61. Defendant reserves the right to assert additional affirmative defenses as such additional defenses become known through investigation, discovery or otherwise.

Dated: Queens, New York
      February 3, 2023

                            KEVIN KERVENG TUNG, P.C.
                            Attorneys for Defendant TJ Montana Enterprises

                            By: Kevin K. Tung, Esq.
                            Queens Crossing Business Center
                            136-20 38th Avenue, Suite 3D
                            Flushing, NY 11354
                            Tel: (718) 939-4633